Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7049 | **DATE** | 4/17/2003 |
| **CASE TITLE** | Thomas Davis v. Officer Richards, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Dismiss Count III

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for_____ at_____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum and opinion order, Defendants' motion strike all references to the Fourteenth Amendment in Count I is DENIED and its motion to dismiss Count III of the Complaint [8-1] is GRANTED with prejudice.

(11) ■ [For further detail see attached memorandum and opinion order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | APR 1 8 2003 date docketed |
| Notified counsel by telephone. | |
| ✓ Docketing to mail notices. | docketing deputy initials |
| Mail AO 450 form. | |
| Copy to judge/magistrate judge. | |
| mds(lc)  courtroom deputy's initials | date mailed notice |
| Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 12

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 02 C 7049 |
| v. | ) |
| | ) HONORABLE DAVID H. COAR |
| OFFICER RICHARDS, OFFICER LOWERY, OFFICER BARTLETT, and OFFICER VELARDI, in their individual capacities, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Thomas Davis ("Plaintiff" or "Davis") brings a three-count complaint against Zion Police Officers Richards, Lowery, Bartlett, and Velardi (collectively "Defendants") under 42 U.S.C. § 1983 ("Section 1983") for excessive force, false arrest, and violation of due process for the alleged arrest of Plaintiff for obstruction a peace officer on October 4, 2000. Before this Court is Defendants' motion to dismiss Count III (violation of due process claim) of the Complaint and to strike all references to the Fourteenth Amendment in Count I pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the Court DENIES Defendants' motion to strike and GRANTS with prejudice their motion to dismiss Count III of the Complaint.

### Standard

A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of a complaint, not its factual basis. Thus, this Court accepts as true all factual allegations in Plaintiff's complaint and draws all reasonable inferences from those facts in Plaintiff's favor. Arazie v. Mullane, 2 F.3d

-1-

1456, 1465 (7th Cir. 1993). Defendants' motion to dismiss will be granted only if it appears beyond doubt that Plaintiff can prove no set of facts entitling him to relief. Mattice v. Memorial Hosp., 249 F.3d 682, 684 (7th Cir. 2001).

## Discussion

The following facts are taken from the well-pleaded allegations of Plaintiff's Complaint. On October 4, 2000, Defendants went to Plaintiff's residence in Zion, Illinois. Defendants asked Plaintiff if they could enter his residence and Plaintiff informed them that he did not want them to enter and that he would not open the door for them. Defendants then kicked in Plaintiff's door and placed him under arrest. Plaintiff did not resist Defendants. During the arrest, Defendants beat Plaintiff severely and used pepper spray on him. Plaintiff was charged with obstruction a peace officer in violation of 720 ILCS 5/31-1, and on November 1, 2000, the charges against him were dismissed.

On October 2, 2002, Plaintiff filed this three-count complaint against Defendants. Count I alleges excessive force, Count II alleges false arrest, and Count III alleges a violation of Davis's due process rights. The Defendants move this Court to strike all references to the Fourteenth Amendment in Count I and to dismiss Count III for failure to state a claim. This Court addresses each motion in turn.

Motion to Strike References to Fourteenth Amendment in Count I

Defendants argue this Court should strike references to the Fourteenth Amendment Count I because, in Graham v. Connor, 490 U.S. 386, 388, 396-97 (1989), the Supreme Court held that excessive force claims are to be analyzed under the Fourth Amendment's reasonableness standard rather than under the due process clause of the Fourteenth

Amendment. In Count I, however, Plaintiff does not attempt to assert an independent excessive force claim under the Fourteenth Amendment. Rather, he merely alleges "Defendants acted without cause and with malice, in violation of Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable search and seizure." Because Defendants are state actors, the Fourth Amendment applies to them through the Fourteenth Amendment. Thus, the Court holds that reference to the Fourteenth Amendment in this Count is not improper and it DENIES Defendant's motion to strike.

Motion to Dismiss Count III

Defendants argue that Count III fails to state a claim upon which relief can be granted because Plaintiff's obstruction charges were dismissed without him being subjected trial and because he fails to demonstrate that he suffered the deprivation of a liberty interest that rises to a constitutional magnitude separate and apart from his Fourth Amendment false arrest claim. This Court agrees.

It is well established that the due process clause does not "provide broad generalized protection against misdeeds by police or prosecution." Christman v. Hanrahan, 500 F.2d 65, 67 (7th Cir. 1974). Rather, "the mission of the [due process] clause [is] avoidance of an unfair trial to the accused, and no violation . . . result[s] unless the misconduct had some prejudicial impact on the defense." Id.

In this case, Plaintiff concedes that the charges against him were dismissed and he never proceeded to trial. He argues, however, that under Jones v. City of Chicago, 856 F.2d 985 (7th Cir. 1988), a trial is not necessary for an individual's due process rights to be invoked. In Jones, the plaintiff had been wrongfully arrested and jailed for a month, but a mistrial was declared

shortly after the trial began because the police had not produced exculpatory "street files" that they possessed. Id. at 990-91. Jones sued the City and various police officers under section 1983 for false arrest, false imprisonment, and malicious prosecution. The Seventh Circuit stated: "It is true that at some point after a person is arrested, the question whether his continued confinement or prosecution is unconstitutional passes over from the Fourth Amendment to the due process clause . . . ." Id. at 994. It went on to hold that "[i]f police officers have been instrumental in the plaintiff's continued confinement or prosecution, they cannot escape liability by pointing to the decisions of prosecutors or grand jurors or magistrates to confine or prosecute him. They cannot hide behind the officials whom they have defrauded." Id.

Unlike the plaintiff in Jones, however, Davis has not stated a malicious prosecution claim, nor could he. As he concedes in his Complaint and legal memorandum, the charges against him were dismissed less than a month after his alleged false arrest. Nonetheless, Davis argues that his allegation that Defendants knowingly created evidence with the knowledge that such fabrication would result in charges being filed against him is sufficient to establish a cause of action for a violation of his due process rights. In Newsome v. McCabe, 256 F.3d 747, 752 (7th Cir. 2001), however, the court held that "there is no constitutional right not to be prosecuted without probable cause." See also Penn v. Harris, 296 F.3d 573, 576 (7th Cir. 2002) (same). Rather, to state a federal due process claim, a plaintiff "must allege that the officers withheld information or evidence necessary for the fair and impartial trial guaranteed by the U.S. Constitution." Ineco v. City of Chicago, 286 F.3d 994, 998-99 (7th Cir. 2002) (interpreting Newsome). This Davis has not done. Even a liberal reading of the Complaint demonstrates that

-4-

Plaintiff merely has plead allegations that support a Fourth Amendment false arrest claim and this Court will not allow him to bootstrap a due process claim on a false arrest claim.

## Conclusion

For the foregoing reasons, Defendants' motion to strike references to the Fourteenth Amendment in Count I of the Complaint is DENIED, and its motion to dismiss Count III is GRANTED with prejudice.

Enter:

David H. Coar
United States District Judge

Dated: April 17, 2003